**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-5019**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

EDDIE LAMONT FOX,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:06-cr-225-BO)

———————

Submitted:  April 22, 2008               Decided:  May 5, 2008

———————

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Dismissed in part; affirmed in part by unpublished per curiam opinion.

———————

Jeffrey B. Welty, Durham, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eddie Lamont Fox appeals his eighty-seven month prison sentence following his guilty plea to distributing five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (West 1999 & Supp. 2007). We have reviewed the record and find no reversible error.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, this court examines the totality of the circumstances, including the accused's experience, conduct, educational background, and familiarity with the terms of the plea agreement. United States v. General, 278 F.3d 389, 400 (4th Cir. 2002). Generally, if the district court fully questioned a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Our review of the record leads us to conclude that Fox knowingly and voluntarily waived the right to appeal the calculation of the Sentencing Guidelines range and the reasonableness of his sentence. Thus, we dismiss this part of Fox's appeal.

However, an appellate waiver does not preclude challenges to a sentences based on a constitutionally impermissible sentencing factor such as race. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Fox argues the district court chose to sentence him at the top of the Guidelines range because he violated the district judge's moral and religious beliefs by having five children out of wedlock with three different women. The court, however, did not express any personal religious beliefs. Further, our review of the record convinces us that the court noted Fox's marital status only in concluding that Fox's lack of responsibility to his children had serious ramifications for the children, including Fox's failure to pay child support. This reasoning was entirely permissible, and is consistent with our recognition that, "[t]o a considerable extent a sentencing judge is the embodiment of public condemnation and social outrage." United States v. Baker, 925 F.2d 728, 740 (4th Cir. 1991). We thus conclude the district court did not use any constitutionally impermissible factors when sentencing Fox. Accordingly, to the extent this specific claim raises an issue not precluded by the plea agreement's waiver of appellate rights, we affirm the sentence of the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

- 3 -